# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**JEREMIE DALE BRYANT**
**ADC #127178**                                                    **PLAINTIFF**

v.                              **No. 2:16-cv-12-DPM-PSH**

**RORY L. GRIFFIN, Chief Deputy Director
for Medical Services, ADC; AMY ROWLAND,
Health Services Administrator, EARU; BRETT
BUTLER, Provider, EARU; ARIC SIMMONS,
Provider, EARU; PATRICK DRUMMONDS, APN,
EARU; TAMMY LYNN KIMBLE, RN, EARU;
YAVONDA KEY, Director of Nursing, EARU;
and DATRICE SLEDGE, Director of Nursing
EARU**                                                           **DEFENDANTS**

## ORDER

On *de novo* review, the Court adopts the recommendation, № *115*, as modified and mostly overrules Butler, Kimble, and Simmons's objections, № *119*. FED. R. CIV. P. 72(b)(3). As Magistrate Judge Harris noted, if Butler or Simmons weren't available providers during the relevant time period, then they may raise that in a motion on the merits. *№ 115 at 10, n. 2.* And the Court agrees with Magistrate Judge Harris's careful conclusion that the exhaustion defense was waived as to Butler, Simmons, Drummond, Kimble, and Rowland when the Department decided Bryant's procedurally flawed grievances on the merits. *Compare Hammett v. Cofield*, 681 F.3d 945, 947–48 (8th Cir. 2012), *and Chapman v.*

*Norris*, E.D. Ark. Case No. 5:15-cv-103-DPM-JTK, *№ 54 at 7–9 & № 60 at 1–2, with Burns v. Eaton*, 752 F.3d 1136, 1141–42 (8th Cir. 2014).

The Defendants complain that adopting the recommendation means a prisoner will "only have to say he grieves against 'all medical staff' or 'all security staff' to satisfy the exhaustion requirement as to anyone." *№ 119 at 4*. But that outcome is easily avoidable: the prison need only follow its own procedural rules and reject flawed grievances rather than deciding them on the merits. If faced with a mixed grievance, which identifies a person and names a group, the prison can respond in kind, addressing the identifiable person's acts or omissions while rejecting the grievance as to others.

\* \* \*

Griffin's motion for summary judgment, *№ 99*, granted. Medical Defendants' motion for summary judgment, *№ 82*, granted in part and denied in part. Bryant's claims against Griffin, Key, and Sledge are dismissed without prejudice. Objection, *№ 119 at 5*, partly sustained: Bryant's claims against Butler, Simmons, Drummond, Rowland, and Kimble are limited to the time periods and claims covered in his fully exhausted grievances.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_18 September 2017_